UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ALEC SEIDMAN,

                              Plaintiff,

               -against-

CEMBER & CEMBER, P.C., and TEG FEDERAL
CREDIT UNION,

                              Defendants.

**<u>OPINION & ORDER</u>**

24-CV-09828 (PMH)

PHILIP M. HALPERN, United States District Judge:

Alec Seidman ("Plaintiff"), who is proceeding *pro se*, commenced this action by filing a complaint on December 18, 2024 (the "Complaint"). (Doc. 1, "Compl."). Plaintiff alleges in the Complaint that Cember & Cember, P.C. ("Cember") and TEG Federal Credit Union ("TEG," and together, "Defendants") violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 192 et seq., and the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq., respectively. (Compl. at 3-4).[1]

Defendants filed motions to dismiss the Complaint under Federal Rule of Civil Procedure 12(b)(6) on April 17, 2025. (Doc. 29; Doc. 29-11). Defendants filed their joint memorandum of law in support of their motions to dismiss on that same day. (Doc. 29-16, "Def. Br."). Plaintiff filed his memorandum of law in opposition on April 22, 2025 ("Plaintiff's Opposition") (Doc. 30, "Pl. Br."), and Defendants filed their joint reply on July 2, 2025 (Doc. 33, "Reply").[2]

---

[1] All citations to the Complaint use the pagination generated by ECF.

[2] Given the liberality afforded pro se litigants, it is appropriate to consider new allegations in a *pro se* plaintiff's opposition to a motion to dismiss where they are consistent with the allegations contained in the pleading. *Vail v. City of New York*, 68 F. Supp. 3d 412, 427 (S.D.N.Y. 2014) ("Where new allegations in a pro se plaintiff's opposition memoranda 'are consistent with the allegations contained' in the Complaint, they may be read 'as supplements to th[e] pleadings . . . .'" (quoting *Boyer v. Channel 13, Inc.*, No. 04-CV-02137, 2005 WL 2249782, at *6 (S.D.N.Y. Mar. 9, 2005))); *see also Davis v. Cnty. of Suffolk*, No. 18-CV-00303, 2020 WL 7699919, at *4 (E.D.N.Y. Oct. 30, 2020) ("[I]n deciding a motion to dismiss a pro se

For the reasons set forth below, Defendants' motions to dismiss are GRANTED.

## BACKGROUND

The facts, as recited below and unless otherwise noted, are taken from Plaintiff's Complaint, the documents annexed thereto,[3] and Plaintiff's Opposition.

This action stems from Plaintiff's default on a loan from TEG for a 2015 Mercedes-Benz vehicle (the "Vehicle"). (Compl. at 2, 7-10). As of April 24, 2023, Plaintiff owed approximately $23,562.07 to TEG as a result of the default. This reality is as stated in the November 14, 2024 debt collection letter sent by Cember, on TEG's behalf, to Plaintiff. (*Id.* at 7-8, the "Initial Cember Collection Letter"). On or about November 20, 2024, Plaintiff sent a letter to Cember contesting the accuracy of the amount and requesting validation of the debt detailed in the Initial Cember Collection Letter. Cember responded to the request on December 6, 2024. (*Id.* at 3; *see also* Doc. 29-12, "Bruno Decl." at Ex. B, "November 20, 2024 Letter" and Ex. C, "December 6, 2024 Letter").[4]

Cember notified Plaintiff, in the December 6, 2024 Letter, that "the vehicle which was the security for this loan was not repossessed by [TEG] or an agent of [TEG]," and that it was TEG's

---

complaint, it is appropriate to consider materials outside the complaint to the extent that they are consistent with the allegations in the complaint, including documents that a pro se litigant attaches to his opposition papers." (internal citations and quotation marks omitted)), *adopted by* 2020 WL 7041082 (E.D.N.Y. Dec. 1, 2020). Accordingly, the Court considers on this motion the additional allegations in Plaintiff's Opposition, to the extent consistent with the Complaint.

[3] *See Halebian v. Berv*, 644 F.3d 122, 130 n.7 (2d Cir. 2011) ("[I]t is well established that on a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), the court may also rely upon 'documents attached to the complaint as exhibits[] and documents incorporated by reference in the complaint.'" (quoting *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010))).

[4] Cember filed a declaration of its counsel Jonathan B. Bruno in support of its Motion to Dismiss (Doc. 29-12) with multiple Exhibits attached thereto (*see* Docs. 29-13 through 29-15). Relevant here, the Court may, and does, consider Exhibits B and C, the November 20, 2024 Letter and the December 6, 2024 Letter, respectively (Docs. 29-14 and 29-15), as they are incorporated by reference into the Complaint, or are "relie[d] heavily upon," thus rendering them "integral" to the Complaint (*See* Compl. at 3). *DiFolco*, 622 F.3d at 111. Additionally, the Court may also consider the December 6, 2024 Letter as Plaintiff attaches it to the Complaint (Compl. at 9). *See Halebian*, 644 F.3d at 130 n.7.

"understanding that the vehicle was sold at public auction by some other entity." (Compl. at 9; December 6, 2024 Letter). Upon previous investigation, TEG determined that the vehicle at issue was "towed from a private property in Tennessee and sold at public auction on January 23, 2023 by Martin's Wrecker Service." (Pl. Br. at 2, 4; *see also* Doc. 29-1, the "Gitnik Decl." at Ex. E, the "Martin's Wrecker Letter").[5] Plaintiff claims that Cember and TEG failed to properly validate the debt via the December 6, 2024 Letter, and "report[ed] an inaccurate charge-off amount . . . to credit reporting agencies without accounting for the vehicle sale proceeds" from the repossession of the subject vehicle. (Compl. at 3).

This litigation followed.

### STANDARD OF REVIEW

On a Rule 12(b)(6) motion, a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).[6] A claim is plausible on its face "when the ple[d] factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant acted unlawfully." *Id.* The factual allegations pled "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

---

[5] TEG filed a declaration of its counsel Brian Gitnik in support of its Motion to Dismiss (Doc. 29-1) with a number of Exhibits attached thereto (*see* Docs. 29-2 through 29-9). Relevant here, the Court may, and does, consider Exhibit E, the Martin's Wrecker Letter (Doc. 29-6), as it is incorporated by reference into the Complaint and Plaintiff's Opposition (*See* Compl. at 2, 9; Pl. Br. at 2, 4). *DiFolco*, 622 F.3d at 111.

[6] Unless otherwise indicated, case quotations omit all internal citations, quotation marks, footnotes, and alterations.

3

"When there are well-ple[d] factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679. Thus, the Court must "consider the legal sufficiency of the complaint, taking its factual allegations to be true and drawing all reasonable inferences in the plaintiff's favor." *Harris v. Mills*, 572 F.3d 66, 71 (2d Cir. 2009). The presumption of truth, however, "is inapplicable to legal conclusions, and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 72. A plaintiff must provide "more than labels and conclusions" to show entitlement to relief. *Twombly*, 550 U.S. at 555.

A complaint submitted by a *pro se* plaintiff, "however inartfully ple[d], must be held to less stringent standards than formal pleadings drafted by lawyers . . . ." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Because *pro se* plaintiffs "'are often unfamiliar with the formalities of pleading requirements,' courts must 'apply a more flexible standard in determining the sufficiency of a *pro se* [complaint] than they would in reviewing a pleading submitted by counsel.'" *Smith v. U.S. Dep't of Just.*, 218 F. Supp. 2d 357, 361 (W.D.N.Y. 2002) (quoting *Platsky v. Cent. Intell. Agency*, 953 F.2d 26, 28 (2d Cir. 1991)). However, while "[p]ro se complaints are held to less stringent standards than those drafted by lawyers, even following *Twombly* and *Iqbal*," dismissal is "appropriate where a plaintiff has clearly failed to meet minimum pleading requirements." *Thomas v. Westchester Cnty.*, No. 12-CV-06718, 2013 WL 3357171, at *2 (S.D.N.Y. July 3, 2013); *see also Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010) ("Even in a *pro se* case . . . although a court must accept as true all of the allegations contained in a complaint, that tenet is inapplicable to legal conclusions, and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Therefore, while the Court must "draw the most favorable inferences that [a plaintiff's] complaint supports, [it] cannot invent factual

allegations that [a plaintiff] has not pled." *Chappius*, 618 F.3d at 170. The Court does, however, have a duty to interpret "the pleadings of a *pro se* plaintiff liberally and interpret them 'to raise the strongest arguments that they suggest.'" *McPherson v. Coombe*, 174 F.3d 276, 280 (2d Cir. 1999) (quoting *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994)).

## ANALYSIS

Construing the Complaint liberally, Plaintiff presses two claims for relief under the FDCPA §§ 1692 *et seq.* and FCRA §§ 1681 *et seq*. (*See* Compl. at 1-5). The Court considers each *seriatim*.

I.     Plaintiff's First Claim for Relief (against Cember): FDCPA 15 U.S.C. § 1692

The FDCPA was enacted to "eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e); *see also Avila v. Riexinger & Assocs., LLC*, 817 F.3d 72, 75 (2d Cir. 2016). Claims brought pursuant to the FDCPA are "evaluated under an objective standard, measured by how the least sophisticated consumer would interpret the notice received from the debt collector," and "[c]ollection notices can be deceptive if they are open to more than one reasonable interpretation, at least one of which is inaccurate." *See Rosenberg v. Client Servs., Inc.*, No. 19-CV-06181, 2020 WL 2732017, at *2 (S.D.N.Y. May 26, 2020).

Collection notices may be misleading "where they employ formats or typefaces which tend to obscure important information that appears in the notice." *Clomon v. Jackson*, 988 F.2d 1314, 1319 (2d Cir. 1993). However, "FDCPA protection does not extend to every bizarre or idiosyncratic interpretation of a collection notice and courts should apply the standard in a manner that protects debt collectors against liability for unreasonable misinterpretations of collection notices." *Easterling v. Collecto, Inc.*, 692 F.3d 229, 233-34 (2d Cir. 2012). Importantly, where "an

FDCPA claim is based solely on the language of a letter to a consumer, the action may properly be disposed of at the pleadings stage." *Dick v. Enhanced Recovery Co., LLC*, No. 15-CV-02631, 2016 WL 5678556, at *3 (E.D.N.Y. Sept. 28, 2016) (citing *Greco v. Trauner, Cohen & Thomas, LLP*, 412 F.3d 360, 366 (2d Cir. 2005)).

Cember argues that Plaintiff has failed to properly plead violations of the following provisions of the FDCPA: 15 U.S.C. §§ 1692g, 1692e, and 1692f. (Def. Br. at 9-12). The Court agrees.

    i.  15 U.S.C. § 1692g

15 U.S.C. § 1692g, in pertinent part, requires only that "a debt collector [] communicate certain information to a debtor when attempting to collect a debt, including the amount of the debt, the name of the creditor to whom the debt it owed, and a statement that the consumer has thirty days after receipt of the notice to dispute the validity of the debt." *Rosenberg*, 2020 WL 2732017, at *5 (citing 15 U.S.C. § 1692g(a)). If the debtor disputes the validity of the debt within the thirty-day window, "the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector." 15 U.S.C. § 1692g(b).

Here, Plaintiff claims that Cember allegedly failed to "properly validate the debt" and "[c]ontinu[ed] collection activities without providing proper validation," constituting violations of 15 U.S.C. § 1692g. (Compl. at 3; *see also* Pl. Br. at 5). However, as noted in the December 6, 2024 Letter provided by Cember to Plaintiff, Cember provided the "Loan and Security Agreements and Disclosure Statements," as well as a "history of payments, statement of account . . . and late notices" previously provided to Plaintiff, and explained that the vehicle at issue was not

repossessed by TEG but "was sold at public auction by some other entity who was allegedly enforcing their legal rights by doing so." (Compl. at 9). This explanation is sufficient to satisfy Cember's duty under Section 1692g as it "directly addressed Plaintiff's dispute and was sufficient to verify the loan for purposes of the FDCPA." *Hawkins-El v. First American Funding, LLC*, 891 F. Supp. 2d 402, 410 (E.D.N.Y. 2012) (citing *Blanc v. Palisades Collection, LLP*, No. 06-CV-01626, 2007 WL 3254381, at *7 (S.D.N.Y. Nov. 1, 2007) ("At the minimum, verification of a debt involves nothing more than the debt collector confirming in writing that the amount being demanded is what the creditor is claiming is owed.")). Accordingly, Plaintiff's claim pursuant to 15 U.S.C. § 1692g is dismissed.

ii.  15 U.S.C. § 1692e

15 U.S.C. § 1692e prohibits the use of "false, deceptive, or misleading representation[s] or means in connection with the collection of any debt," and "[w]ithout limiting the general application of the foregoing," contains a list of sixteen non-exhaustive proscribed acts. Importantly, and "as a natural corollary to the least sophisticated consumer test, only *material* errors violate Section 1692e." *See Rosenberg*, 2020 WL 2732017, at *3 (emphasis added) (citing *Bryan v. Credit Control, LLC*, 954 F.3d 576, 582 (2d Cir. 2020)).

Simply put, Plaintiff has failed to plausibly allege that any representations made by Cember, in either the Initial Cember Collection Letter or the December 6, 2024 Letter, are "false, deceptive, or misleading." Instead, Plaintiff cherry-picks and parrots language contained within Section 1692e and states, in wholly conclusory fashion, that Cember violated this provision by "[m]aking misleading representations about licensing requirements . . . [c]reat[ed] confusion through its dual role as attorney and debt collector . . . "[m]a[de] deceptive claims about attorney-client privilege . . . [and] [f]ail[ed] to accurately represent the amount of the debt." (Compl. at 4).

Reading the Initial Cember Collection Letter and the December 6, 2024 Letter reasonably, the Court concludes Plaintiff has failed to sufficiently allege any part of these communications were false, deceptive, or misleading.

In any event, even if Plaintiff had properly pled such allegations, nowhere does Plaintiff claim that any of these alleged deceptive acts were "material," which in and of itself warrants dismissal of his Section 1692e claim. *See Gordon v. Admin Recovery, LLC*, No. 20-CV-10017, 2021 WL 4864606, at *2 (S.D.N.Y. Oct. 18, 2021) (clarifying that "only material errors violate Section 1692e," and therefore, "a false statement is only actionable under the FDCPA if it has the potential to affect the decision-making process of the least sophisticated consumer."). Accordingly, Plaintiff's Section 1692e claim is dismissed for failure to state a claim.

### iii.   15 U.S.C. § 1692f

15 U.S.C. § 1692f prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt," and includes a non-exhaustive list of eight examples of violative conduct. 15 U.S.C. § 1692f(1)-(8). While Section 1692e "mainly targets practices that take advantage of a debtor's naivete or lack of legal acumen," Section 1692f "is aimed at practices that give the debt collector an unfair advantage over the debtor or are inherently abusive." *Wong v. Alternative Claims Management, LLC*, No. 17-CV-03133, 2017 WL 5635533, at *6 (S.D.N.Y. Nov. 22, 2017) (citing *Arias v. Gutman, Mintz, Baker & Sonnenfeldt LLP*, No. 16-2165-CV, 2017 WL 5330081, at *4 (2d Cir. Nov. 14, 2017)). Section 1692f is also "intended to be a catchall provision that provides a cause of action for unfair practices" not otherwise specifically enumerated by 15 U.S.C. § 1692. *Id.*

Plaintiff's allegations surrounding Section 1692f, like his allegations pertaining to Section 1692e, amount to only conclusory statements that are insufficient to properly state a claim for

relief. Further, Plaintiff's allegations "do not identify any misconduct beyond that which [P]laintiff asserts violate[] other provisions of the FDCPA," and therefore Plaintiff's claim fails. *Suquilanda v. Cohen & Slamowitz, LLP*, No. 10-CV-05868, 2011 WL 4344044, at *9 (S.D.N.Y. Sept. 8, 2011). The crux of Plaintiff's Section 1692f claim appears to be that Cember "attempt[ed] to collect amounts without accounting for vehicle sale proceeds," which constitute the same allegations made in support of the Section 1692g claim. (*Compare* Compl. at 3, *with id.* at 4).

Accordingly, Plaintiff's Section 1692f claim is similarly dismissed for failure to state a claim.

II.    Plaintiff's Second Claim for Relief (against TEG): FCRA 15 U.S.C. § 1681s-2(b)

The FCRA "regulates credit reporting procedures to ensure the confidentiality, accuracy, relevancy, and proper utilization of consumers' information," and Section 1681s-2(b) specifically "outlines a furnisher's duties following a dispute regarding the completeness or accuracy of a consumer's credit report." *Sprague v. Salisbury Bank & Trust Co.*, 969 F.3d 95, 99 (2d Cir. 2020) (citing 15 U.S.C. §§ 1681 et seq.). Upon receipt of notice of a dispute from a credit reporting agency, the furnisher must, in pertinent part, "conduct an investigation with respect to the disputed information," and "if the investigation finds that the information is incomplete or inaccurate," take action pursuant to 15 U.S.C. § 1681s-2(b)(1). *Id.*

Defendant TEG argues that Plaintiff's FCRA claim fails because TEG did not repossess the vehicle in question, and therefore was under no duty to account for "vehicle sale proceeds" when reporting the "charge-off amount of $22,968 to credit reporting agencies." (Def. Br. at 7; Reply at 2-3; Compl. at 3). TEG asserts its reporting was accurate and therefore in compliance with the FCRA since TEG confirmed that it "was not the party to sell the car." Therefore TEG did

9

not receive any sale proceeds for such alleged sale. (Def. Br. at 7). The Court agrees with TEG and finds Plaintiff's argument unpersuasive.

Here, Plaintiff alleges that the "vehicle was . . . repossessed and sold at public auction," and clarifies that "both Defendants . . . knew about the vehicle's status," stating that "Lee & Mason reported to TEG that the subject vehicle was towed from a private property in Tennessee and sold at public auction on January 23, 2023 by Martin's Wrecker Service." (Compl. at 2; Pl. Br. at 2; *see also* Martin's Wrecker Letter). Cember notified Plaintiff through the December 6, 2024 Letter that "the vehicle which was the security for this loan was not repossessed by [TEG] or an agent of [TEG];" and further that it is TEG's understanding "that the vehicle was sold at public auction by some other entity who was allegedly enforcing their legal rights by doing so." (Compl. at 9).

Taking Plaintiff's allegations as true, as the Court must do at this stage, Plaintiff has failed to state an FCRA claim for relief against TEG. At the heart of an FCRA claim is the accuracy of the report to the credit reporting agency. *See* 15 U.S.C. § 1681s-2(b). Here, it is plain based on TEG's investigation, as well as the allegations in the Complaint and documents attached thereto, that the vehicle in question was repossessed and sold at public auction. (Compl. at 2, 9). It is also clear that TEG was not a party to such sale. (*Id.* at 9; Martin's Wrecker Letter). Therefore, Plaintiff's assertion that TEG's report to credit reporting agencies was inaccurate for failure to account for vehicle sale proceeds is, itself, inaccurate. Plaintiff argues in opposition that because TEG knew "that the vehicle was sold at auction, TEG had an obligation to ensure its credit reporting was accurate by determining the sale amount and how it affected the outstanding balance." (Pl. Br. at 4). Even taking this statement by Plaintiff as true, TEG satisfied this obligation once it investigated and determined that the vehicle was sold at public auction by a different entity

toward satisfaction of a different creditor's debt, and not for the TEG loan for the Vehicle. (Compl. at 9).

Accordingly, Plaintiff has failed to sufficiently plead a claim for relief against TEG under the FCRA.

Under these circumstances, Defendants' motions to dismiss are granted. The Complaint is dismissed[7] and Plaintiff's request for attorney's fees and costs pursuant to 15 U.S.C. § 1692k and 15 U.S.C. § 1681n is denied.[8]

## CONCLUSION

For the foregoing reasons, Defendants' motions to dismiss are GRANTED. For the reasons described herein, Plaintiff's claims are dismissed with prejudice as any amendment would be futile.

---

[7] Plaintiff, at the end of his opposition brief, claims that any dismissal with prejudice would be "inappropriate," and that "the substantive arguments presented in this opposition demonstrate that Plaintiff's claims are legally viable as currently pleaded." (Pl. Br. at 7). To the extent this can be read as a request for leave to amend—though such a reading is not at all clear to the Court—it is both procedurally and substantively improper. *See, e.g., Thomas v. Morley*, No. 20-CV-07520, 2022 WL 394384, at *16 (S.D.N.Y. Feb. 9, 2022) ("Plaintiff's request to amend, contained solely in [his] opposition memorandum, is procedurally defective since a bare request to amend a pleading contained in a brief, which does not also attach the proposed amended pleading[,] is improper under Fed. R. Civ. P. 15."). Plaintiff does not offer any new facts that would cure the substantive deficiencies discussed above (*see* Pl. Br. at 2-7). Plaintiff also fails to articulate why an amendment would not be futile, aside from the conclusory statement that his "failure to respond to Defendants' pre-motion letters does not indicate that amendment would be futile." (Pl. Br. at 7). To the contrary, Plaintiff's failure to respond constitutes both his refusal of an opportunity to amend the Complaint, and an affirmative failure to comply with the Court's Order. (*See* Court's Individual Practices Rule 4(C)(ii), (iv); *see also* Doc. 21 ("Plaintiff is directed to respond to Defendant's March 3, 2025 pre-motion letter (Doc. 17) by March 14, 2025)). Accordingly, and considering all of the above, leave to amend—to the extent Plaintiff has even made such a request—is denied. *See Reed v. Friedman Mgmt. Corp.*, 541 F. App'x 40, 41 (2d Cir. 2013) (explaining that "leave to amend is not necessary when it would be futile").

[8] Even if Plaintiff had brought a "successful action" (*see* 15 U.S.C. § 1692k(a)(3), 15 U.S.C. § 1681n(a)(3)) Plaintiff "is not an attorney and attorneys' fees are not awarded to non-attorney *pro se* plaintiffs." *McCaffrey v. Gatekeeper USA, Inc.*, No. 14-CV-00493, 2022 WL 902423, at *11 (S.D.N.Y. Mar. 28, 2022).

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is respectfully directed to: (i) terminate the motion sequence pending at Doc. 29; (ii) mail a copy of this Opinion and Order to Plaintiff; and (iii) close this case.

**SO ORDERED:**

Dated: White Plains, New York
      January 9, 2026

_____
Philip M. Halpern
United States District Judge