UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ALEC SEIDMAN,

Plaintiff,

-against-

CEMBER & CEMBER, P.C., and TEG FEDERAL CREDIT UNION,

Defendants.

**ORDER**

24-CV-09828 (PMH)

PHILIP M. HALPERN, United States District Judge:

The Court, by Opinion and Order dated January 9, 2026, granted Defendants' motion to dismiss and dismissed the action. (Doc. 36). Judgment was entered by the Clerk of Court on January 12, 2026. (Doc. 37, "Judgment").

Thirty-nine days after the Judgment was entered, on February 20, 2026, Plaintiff filed a motion for extension of time to file a notice of appeal, along with an extension request for the Court to allow him to file the notice of appeal thirty days "from the date of the Order granting [his] motion." (Doc. 38, "Pl. Br."). On March 16, 2026, Defendants filed a joint response to Plaintiff's motion. (Doc. 42, "Def. Br."). Plaintiff filed reply on March 19, 2026. (Doc. 43, "Reply").

For the reasons set forth below, the motion for extension of time to file the notice of appeal is GRANTED.

## ANALYSIS

"An appeal permitted by law as of right from a district court to a court of appeals may be taken only by filing a notice of appeal with the district clerk within the time allowed by Rule 4." Fed. R. App. P. 3(a)(1). Rule 4, in turn, requires that "the notice of appeal required by Rule 3 must be filed with the district clerk within 30 days after entry of the judgment or order appealed from."

Fed. R. App. P. 4(a)(1)(A). This Court may, however, extend a party's time to file a notice of appeal when:

> (i) a party so moves *no later* than 30 days after the time prescribed by this Rule 4(a) expires; *and*
>
> (ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause.

Fed. R. App. P. 4(a)(5)(A) (emphasis added).

Excusable neglect and good cause are two distinct standards and therefore may not be used interchangeably. *See Alexander v. Saul*, 5 F.4th 139, 147 (2nd Cir. 2021). "The excusable neglect standard applies in situations in which there is fault; in such situations, the need for an extension is usually occasioned by something within the control of the movant. The 'good cause' standard, in contrast, applies in situations in which there is no fault—excusable or otherwise, such as when the Postal Service fails to deliver a notice to appeal." *Id.*

Defendant argues that the Court should analyze Plaintiff's application under the "excusable neglect" standard, as Plaintiff "was 'unaware' of the 30-day deadline . . . to file an appeal of the Opinion and Order, and that he only discovered the rule upon further research." (Def. Br. at 5). Plaintiff confirms that he "immediately prepared []his motion upon learning of these requirements," and is "unfamiliar with many of the technical procedural requirements of federal court practice" as he is "proceeding entirely pro se in this action." (Pl. Br. at 2). Therefore, "[w]hether characterized as 'inadvertence, mistake, or carelessness,' this error constitutes neglect," and the Court conducts the analysis pursuant to the multi-factor "excusable neglect" test. *See Cano v. SEIU, Local 32BJ*, No. 19-CV-08810, 2023 WL 6541773 at *1 (S.D.N.Y. Sept. 5, 2023).

The burden of proving excusable neglect lies with the moving party. *See Midland Cogeneration Venture Ltd. P'ship v. Enron Corp. (In re Enron Corp.)*, 419 F.3d 115, 121 (2d Cir.

2005). Under this standard, courts consider four factors: "[1] the danger of prejudice to the [non-movant], [2] the length of the delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was within the reasonable control of the movant, and [4] whether the movant acted in good faith." *Alexander*, 5 F.4th at 148 (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 395 (1993)). Courts give the third factor, the "reason for the delay," "dispositive weight" in the analysis, often ruling in favor of the non-movant when this factor weighs against a finding of excusable neglect even if the other three factors favor the party seeking extension. *Saul*, 5 F.4th at 149.

Despite this strict standard, "a notice of appeal filed by a *pro se* litigant must be viewed liberally," *Grune v. Coughlin*, 913 F.2d 41, 43 (2d Cir. 1990), as "[t]he federal rules are complex, and the court may find excusable neglect in a pro se litigant's confusion about how they work." *Cano*, 2023 WL 6541773 at *2 (quoting *Whitfield v. Howard*, 852 F.3d 656, 660–61 (7th Cir. 2017)). Further, "[a]lthough ignorance of the rules, or mistakes construing the rules do not usually constitute excusable neglect, courts have given weight to the fact that a litigant is *pro se* when determining whether neglect is excusable." *Id.* at *2 (citation modified).

As an initial matter, Plaintiff's motion for leave to file a late notice of appeal was timely filed. Plaintiff's motion to dismiss was decided by Opinion and Order on January 9, 2026, and Judgment was entered on January 12, 2026. Plaintiff therefore had until February 11, 2026, to file a timely notice of appeal within the initial 30-day time period, and until March 13, 2026 to fall within the 30-day grace period. *See* Fed. R. App. P. 4(a)(5)(A). As Plaintiff filed his motion for extension on February 20, 2026 (*see* Doc. 38), this sufficiently places his request for an extension within the 60-day time frame in which he may move for an extension of time. Accordingly, the

Court moves on to the multi-factor excusable neglect test as set forth in *Pioneer Inv. Servs. Co.*, 507 U.S. at 395.

The first and second factors weigh in favor of Plaintiff or, at the very least, are neutral, as the danger of prejudice to the Defendants is not overly substantial and the delay is minimal, as Plaintiff filed the notice of appeal towards the beginning of the allowable period for obtaining an extension. *See Cano*, 2023 WL 6541773, at *2. Similarly, the fourth factor also favors Plaintiff as there is no indication that his failure to meet the deadline was motivated by bad faith. Thus, the dispositive issue at hand is the third factor, Plaintiff's reason for delay. *Pioneer Inv. Servs. Co.*, 507 U.S. at 395.

Plaintiff claims that his delay was due to "unfamiliarity with federal appellate procedure," and specifically, that he was "unfamiliar with . . . the technical procedural requirements of federal court practice, including the precise calculation of appellate deadlines and the mechanisms available to preserve appellate rights." (Pl. Br. at 2, 5; Reply at 1, 6-9). The Court notes that "mistakes construing the rules do not usually constitute excusable neglect," *see Cano*, 2023 WL 6541773 at *2, and recognizes that Plaintiff, despite his *pro se* status, received a copy of the "Notice of Right to Appeal" attached to the Judgment, which precisely explains the required timeline for filing a notice of appeal (*see* Doc. 37-1; *see also* January 12, 2026 Docket Entry (indicating the Opinion and Order and Judgment were mailed to Plaintiff)). This would seem to cut against Plaintiff's assertion of "unfamiliarity with complex appellate procedures." (Reply at 1). Nevertheless, upon review of the papers, the minimal, if any, prejudice to Defendants, and in light of Plaintiff's *pro se* status, the Court accepts Plaintiff's demonstration of neglect as excusable.

Thus, the Court grants Plaintiff's motion for an extension of time to file his notice of appeal.

**CONCLUSION**

For the foregoing reasons, the Court GRANTS, in part, Plaintiff's motion for an extension of time to file a notice of appeal. Specifically, the Court GRANTS Plaintiff's application to file a late notice of appeal and directs that Plaintiff shall file the notice of appeal no later than August 21, 2026. The Court will not grant an additional thirty-day enlargement of the time to appeal, and as such, the balance of Plaintiff's application is denied.

The Clerk of Court is respectfully directed to terminate the motion sequence pending at Doc. 38 and mail a copy of this Order to Plaintiff.

**SO ORDERED:**

Dated: White Plains, New York
August 6, 2026

PHILIP M. HALPERN
United States District Judge